### HENDRICKSON v. CITY OF MIAMI, et al.

Circuit Court, Dade County.

November 16, 1956.

E. F. P. Brigham, Brigham, Black, Niles & Wright and Aronovitz & Aronovitz, all of Miami, for plaintiff.

George S. Okell, Sr., Miami, special counsel for City of Miami, defendant.

Okell & Okell, Miami, for George S. Okell, Sr., co-defendant.

VINCENT C. GIBLIN, Circuit Judge.

The plaintiff, Olavi M. Hendrickson, has, in my opinion, properly invoked the provisions of the declaratory decree statute for the purpose of procuring a judicial determination of the question of whether he or the defendant George S. Okell, Sr., is entitled to the office of city attorney of the defendant municipality and to the emoluments of such office.

The charter of the city of Miami provides (in section 4e) that the city commission, following each biennial regular city election, shall "elect . . . a city manager, a clerk, a city attorney, a judge of the municipal court and a civil service commission."

It was contended in State ex rel. Gibbs, Attorney General, v. Bloodworth (Fla.), 184 So. 1 (decided in 1938), that, because the charter is silent as to the tenure of office of the city clerk, the city commission, by the vote of three of the five commissioners, had the right to remove, summarily and at any time, an incumbent clerk and to elect a successor. The Supreme Court, however, held that none of the officials provided for in section 4e of the charter holds office "subject to the political whim" of a majority of the commission, but that each of such officials (except the city manager), when elected, is to discharge the duties of his office "until the next regular city election provided for in the charter." Because of other provisions of the charter, the city manager holds office subject to the will of the commission.

Furthermore, the Supreme Court made it clear in the cited case that in effecting the removal of a city clerk or a city attorney the commission must be guided and governed by the provisions of the general laws of Florida applicable to municipalities; and that under such laws a city clerk or a city attorney can be removed from office, *before* "the next regular city election," only after charges shall have been preferred and such proceedings shall be had "as will give the person charged an opportunity to be heard in defense of any matters alleged against him" and then only if "two-thirds" of the commission shall adjudge his guilt and vote for his removal.

The defendants, at the hearing of their motion to dismiss the complaint, conceded that there is no factual dispute involved in the suit and that a denial of their motion would be determinative. By a separate order the motion has been denied.

Accordingly, because of the controlling decision of the Supreme Court in the cited case, it is declared and decreed—(1) that the resolution numbered 28641 adopted November 7, 1956, by a three-fifths vote of the commission of the defendant municipality (by which the removal of the plaintiff from the office of city attorney was attempted), and the resolution numbered 28642 adopted November 7, 1956, by a four-fifths vote of such commission (by which the appointment of the defendant George S. Okell, Sr., as city attorney of the defendant municipality to succeed the plaintiff was attempted) were and are nullities and of no legal force or effect, (2) that the plaintiff, Olavi M. Hendrickson, is, and the defendant George S. Okell, Sr., is not, the lawful holder of the office of city attorney of the defendant municipality, and (3) that the plaintiff is entitled to all the emoluments of such office.

It is further decreed that the court shall, and it does, retain jurisdiction of the cause for the purpose of enforcing and effectuating the provisions of this decree and for the purpose of granting such supplemental relief as shall be necessary or proper.